UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUDITH KAY CORMIER,

    Defendant.

_____/

Hon. Robert J. Jonker

Case No. 1:07-cr-00084

**OPINION**

A continued competency hearing was held regarding defendant Judith Kay Cormier. Defendant's counsel had petitioned for an independent competency and mental evaluation at government expense to be conducted by Jeffrey T. Kieliszewski, Ph.D., a licensed forensic psychologist in the state of Michigan. This request followed en evaluation by James A. Shadduck, Ph.D., Forensic Psychologist at the Federal Medical Center at Carswell, Texas. Defendant Cormier refused to participate fully in either evaluation, and thus neither psychologist was able to provide a comprehensive assessment of her clinical functioning. Both experts, however, opined that she is competent to proceed within the meaning of 18 U.S.C. § 4241. Dr. Shadduck noted that Ms. Cormier was fully alert and oriented, and that she maintained good hygiene and a neat personal appearance, was able to respond to requests made of her, and cooperated with staff to maintain herself. Likewise, she made requests to staff to have basic needs met. Her memory appeared intact and she had a detailed recollection Dr. Shadduck from a previous evaluation at the facility. She also demonstrated

good impulse control and no overt symptoms of acute psychosis or other mental illness.  Likewise, when she was being held in this district pending her evaluation by Dr. Kieliszewski, the corrections officers did not observe any strange behavior, lack of eating, sleep disturbance, or inability to maintain activities of daily living.  Ms. Cormier has received no psychotropic medication throughout the evaluation period.

Dr. Kieliszewski observed that there was no suggestion of a delusional disorder or other impairment of rational thought, and that there were no data to suggest the presence of a serious mental illness.  He further opined that she would be able to communicate effectively with her attorney and assist in her own defense if she should choose to do so.

The undersigned has had the opportunity to observe Ms. Cormier at hearings on three separate occasions.  The Court observed her to be in control of her impulses, coherent, and able to pursue her own interests as she perceives them.  While she clearly disagrees with the United States Tax Code and disregards the authority of this Court, the undersigned finds that she does understand the nature of the proceedings and could assist in her own defense.  The undersigned also finds that willful opposition does not equate to the inability to understand the nature of the proceedings or to assist in her own defense within the meaning of 18 U.S.C. § 4241(d). *See, e.g., United States v. Holmes*, 671 F. Supp. 120, 122 (D.Conn. 1987) ("A defendant's decision to behave obstreperously and to ignore his lawyers' wishes, however, is not synonymous with an inability to consult with counsel with a reasonable degree of rational understanding.  Indeed, there is no necessary relation between the two."); *see also United States v. Leggett*, 23 F.3d 409 (6th Cir. 1994), *United States v. Waddley*, 185 Fed. Appx. 137, 2006 WL 1697116 (3rd Cir. 2006).  Thus the Court entered an order

finding defendant Cormier competent on September 27, 2007.  The issue of competency pursuant to

18 U.S.C. § 4242 at the time of the offense is reserved for the trial of this matter.


Date:  October 10, 2007                                          /s/ Ellen S. Carmody
                                                                                     ELLEN S. CARMODY
                                                                                     United States Magistrate Judge